RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0026p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

SANKET HASMUKHBAI PATEL; NEHABEN SANKET PATEL,

*Plaintiffs-Appellants*,

*v.*

UR M. JADDOU, Director, U.S. Citizenship and Immigration Services,

*Defendant-Appellee*.

No. 23-5867

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:22-cv-00163—Gregory N. Stivers, District Judge.

Decided and Filed:  February 9, 2024

Before:  SUTTON, Chief Judge; SUHRHEINRICH and MURPHY, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Bradley B. Banias, BANIAS LAW, LLC, Charleston, South Carolina, for Appellants.  Fizza Batool, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

## OPINION

_____

SUTTON, Chief Judge.  Sanket and Nehaben Patel applied for visas to stay in the United States on a temporary basis.  After fourteen months with no news, they sued the Director of U.S. Citizenship and Immigration Services for failing to process their applications.  When the agency granted their visas, the Director filed a motion to dismiss the case for mootness and attached an

exhibit showing that the applications had been granted. Realizing that she had not filed the exhibit under seal, the Director moved to seal the exhibit shortly thereafter. The Patels accepted one victory (the granting of their temporary visas) and sought another (statutory penalties for the Director's disclosure of their personal information). The district court granted the Director's motion to dismiss the case and denied the Patels' motion for civil penalties. We affirm.

I.

Mr. and Mrs. Patel are Indian citizens who applied to stay in the United States on a temporary basis through the "U visa" program. Congress reserves these visas for victims of crimes in the United States who have suffered substantial physical or mental abuse. 8 U.S.C. § 1101(a)(15)(U)(i). Mr. Patel qualified for a U visa after two men in Arizona assaulted him and after he assisted in the investigation. *See id.* As his spouse, Mrs. Patel was eligible for the visa as well. *See id.* § 1101(a)(15)(U)(ii)(II); 8 C.F.R. § 214.14(f)(1).

On December 12, 2022, after waiting fourteen months to obtain the visas, the couple sued Ur Jaddou, the Director of U.S. Citizenship and Immigration Services. They alleged that the agency violated the Administrative Procedure Act by unreasonably delaying the U visa determinations. Their unsealed complaint revealed that they sought the U visas due to Mr. Patel's assault, disclosed their personal identifying information, and explained why they qualified for the visas.

Two months later, the agency granted visas to the Patels, prompting the Director to file a motion to dismiss the Patels' lawsuit as moot. In doing so, she attached an exhibit that verified that the agency had granted the Patels' visa applications.

There was just one problem. A federal law prohibits the disclosure of information relating to noncitizens who are U visa applicants and recipients. 8 U.S.C. § 1367(a)(2). Even though the electronic filing permitted remote access only to the parties to the case, the Director immediately contacted the district court and asked the case administrator to seal the exhibit the next day. *See* W.D. Ky., Gen. Order 16-03 § 15.1(a)–(b); Fed. R. Civ. P. 5.2(c). She formally moved to seal the exhibit that same day. The Patels responded to the motion to seal by seeking $20,000 in penalties for the Director's failure to seal the exhibit at the outset.

*See* 8 U.S.C. § 1367(c).

The district court granted the Director's motions to dismiss for mootness and to file the motion under seal. But it denied the Patels' motion for civil penalties on the ground that any disclosure was not willful.

II.

At stake in this appeal is one question: Did the Director "willfully" violate § 1367 when she filed the unsealed exhibit?

The Immigration and Nationality Act of 1952 controls the immigration, naturalization, and exclusion of aliens. 8 U.S.C. § 1101 *et. seq.* Congress amended the Act in 1996 to add a provision that limits the disclosure of noncitizens' sensitive data. *Id.* § 1367. Among other things, § 1367 prohibits "disclosure" of identifying "information" about the victims of crimes, including the release of information about "an alien who is the beneficiary of an application" for a U visa. *Id.* § 1367(a)(2). To deter violations, the statute has a penalty provision for willful disclosures of this information:

> Anyone who willfully uses, publishes, or permits information to be disclosed in violation of this section or who knowingly makes a false certification under section 239(e) of the Immigration and Nationality Act shall be subject to appropriate disciplinary action and subject to a civil money penalty of not more than $5,000 for each such violation. *Id.* § 1367(c).

The prohibition has eight exceptions. *See id.* § 1367(b). One of them says that § 1367(a)(2) "shall not be construed as preventing disclosure of information in connection with judicial review of a determination in a manner that protects the confidentiality of such information." *Id.* § 1367(b)(3).

This statutory context reveals at least three ways to think about the Patels' claim. One possibility is that the claim fails because the Director's litigation filing fits within the "judicial review" exception. *See id.* The Patels filed an action under the APA to obtain prompt review of their visa applications. The Director's exhibit proved that the agency had completed its review, showed that the agency had granted the application, and demonstrated that the Patels' action no longer presented a live controversy. It is difficult to see how the Director could have

demonstrated this jurisdictional defect without these documents. Adding force to this approach is a 2007 amendment to the Federal Rules of Civil Procedure. Under Civil Rule 5.2, "access to an electronic file" is limited in immigration cases. Fed. R. Civ. P. 5.2(c). Only "the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record." *Id.* 5.2(c)(1).

But two realities cloud this approach. One is that Civil Rule 5.2 limits only *remote* access to the pleadings. It says that any non-party ("any other person") "may have electronic access to the full record at the courthouse." *Id.* 5.2(c)(2). While it may be doubtful that assailants from Arizona will make their way to a Kentucky federal courthouse (and perhaps more doubtful that criminals or their comrades will enter courthouses to facilitate new crimes), the fact remains that Civil Rule 5.2 does not clearly prohibit access to non-parties. The second issue is the language of the statutory exception itself. It permits "judicial review" disclosures "in a manner that protects the confidentiality of such information." 8 U.S.C. § 1367(b)(3). That language suggests, though we need not resolve the point, that eligibility for the exemption requires the Director and other parties to file such pleadings under seal. Given this uncertainty and other more-straightforward grounds for resolving this appeal, we see no need to resolve the appeal on this basis.

What of the possibility that the Director's filing of the exhibit does not rise to the level of a cognizable "disclosure"? Long before the Director filed the exhibit, the Patels filed their complaint. In this unsealed document, the Patels revealed their personal information, their application status, and every other piece of material information in the Director's filing that they now target. How on this record could the Director be responsible for a public disclosure that the Patels had already made? There is force to the point. But because the parties have not fully joined the issue, we will turn to the ground on which the district court relied.

Even assuming the penalty provision applies to restricted access filings and even assuming the Patels are not responsible for the initial disclosure of this information, any disclosure was not "willful[]." *Id.* § 1367(c). The parties agree that whatever willful means in this setting, it does not extend to negligence. We agree as well. The word "willful" usually refers to action that is "intentional, or knowing, or voluntary, as distinguished from accidental."

*Willful*, *Black's Law Dictionary* (6th ed. 1990); *see Negligence*, *Black's Law Dictionary*, *supra* ("[Negligence] is characterized chiefly by inadvertence, thoughtlessness, inattention, and the like," as opposed to "willfulness").

This was not a willful disclosure and at worst amounted to negligence, if even that. Recall that the ostensibly covered information had already been revealed in the Patels' unsealed complaint. Recall that the complaint and exhibit were filed on a restricted access filing system. *See* W.D. Ky., Gen. Order 16-03 § 15.1(a)–(b); Fed. R. Civ. P. 5.2(c). Recall that the Director soon realized that the exhibit was not filed under seal. Recall that her attorney promptly called the court, and the court immediately sealed the exhibit. Recall that the Director promptly filed a motion to place this exhibit under seal. On this record, this was not a willful disclosure. "A simple mistake does not on its own constitute willfulness." *Garner v. Lambert*, 345 F. App'x 66, 73 (6th Cir. 2009). While debates linger over whether willfulness includes "recklessness," the courts tend to be of one mind that it does not include negligence. *See Armalite, Inc. v. Lambert*, 544 F.3d 644, 647–48 (6th Cir. 2008) (noting that our circuit and five others have declined to find negligence sufficient to establish a "willful" violation of a statute); *Calderone v. United States*, 799 F.2d 254, 260 (6th Cir. 1986) (acknowledging that "conduct amounting to no more than negligence is not willful" for the purposes of violating a statutory duty); *cf. Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).

Before concluding, it is worth pointing out two arguments that the Director does not make. She does not argue that there is no private right of action to enforce the penalty provision, as is generally required under federal law. *See Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001). And she does not argue that, to the extent that the Patels' complaint should be read as an action brought under the Administrative Procedure Act, the penalty provision likely applies to the responsible federal employee alleged to have willfully disclosed the information, not the government itself.

We affirm.